LONG, Judge.
The appellant, Phillip H. Woodley, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus, which alleged that he was not afforded due process in a prison disciplinary proceeding that resulted in his being sanctioned by the loss of good time credit.
On September 23, 1994, the appellant, an Alabama prison inmate incarcerated at East-erling Correctional facility, received written notice advising him that he was being charged with violation of Rule No. 44 of Department of Corrections Administrative Regulation 403, specifically, “Threats,” and that a disciplinary hearing on that charge would be held on September 27, 1994. The hearing was held as scheduled, and the hearing officer took testimony from the appellant and from the arresting officer, who was also the person against whom the appellant’s threats were alleged to have been made. *826 The appellant was allowed to submit questions to the arresting officer at the hearing.
The hearing officer found the appellant guilty as charged with violation of Rule No. 44 and recommended that the appellant lose six months’ good time credit, be placed in Class II earning status for 6 months, serve 21 days of disciplinary segregation, and lose 30 days’ store and visitation privileges. The warden approved the hearing officer’s findings and recommendations, and the appellant then appealed the decision to the commissioner of the Department of Corrections. See Administrative Regulation 403.VII.
Upon review, the commissioner determined that the charge against the appellant was too serious and that the appellant’s punishment was too severe. He ordered that the charge be reduced to violation of Rule No. 63 of Administrative Regulation 403, specifically, “Disorderly Conduct,” and further ordered that the sanctions against the appellant be reduced to the loss of two months’ good time credit and loss of 30 days’ store and visitation privileges. According to Annex A of Administrative Regulation 403, a violation of Rule No. 44, “Threats,” is a major violation, while a violation of Rule No. 63, “Disorderly Conduct,” is a minor violation. The specific reason given by the commissioner for the reduction in the severity of the appellant’s charge and punishment was that “the facts presented did not satisfy all of the elements of the [original] charge.” (C. 8.) The appellant was notified of the commissioner’s final action on his appeal.
The appellant contends that the commissioner’s action in reducing the severity of the charge against him effectively resulted in his being found guilty of a violation for which he had not been charged, and as to which he had not received prior notice, had not prepared a defense, and had not been afforded a hearing. This, he says, contravened the requirements set out in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Accordingly, he argues that the action of the commissioner ordering that he be sanctioned with the loss of two months’ good time credit deprived him of a liberty interest without due process. He urges that his disciplinary action be expunged from his prison record and that his good time credit be restored.[1]
The decision of the commissioner on an inmate’s appeal in a prison disciplinary proceeding is final. See Administrative Regulation 403.VII.C. The commissioner has explicit authority to reduce the charge and the sanctions against an inmate who has been found guilty of violating a prison rule following a disciplinary hearing. Administrative Regulation 403.VII.C. states:
“The Commissioner or his designee may determine that the charge and/or punishment is too severe, and has the authority to order the charge and/or punishment reduced.”
Administrative Regulation 403.IV.J. grants the hearing officer the authority to determine that although the charged violation was not proven at an inmate’s prison disciplinary hearing, a “lesser included similar offense” was proven. Certainly, the commissioner, who is authorized to review and to take final action on the findings and recommendations of the hearing officer, as approved by the warden, can have no less authority than the hearing officer to reduce a charge against an inmate, particularly where one of the commissioner’s specific powers is to order the reduction of the charge. Thus, the authority of the commissioner to order a reduction in the charge against an inmate, when reviewing an inmate’s appeal, unquestionably must extend to situations where the reduced charge is a lesser included violation of the violation originally charged.
Administrative Regulation 403.IV.J. defines a “lesser included violation” as “a violation in which some but not all of the elements of proof of the originally charged violation are present.” Annex B of Administrative Regulation 403 defines “Threat” as *827 “[a] communicated intent to do bodily harm to another individual or group by verbal or written expression.” “Disorderly Conduct” is defined in Annex B as “[a]ny behavior that is contrary to institutional policy or regulation, and [that] may tend to disturb the security of the institution.” Obviously, the making of a threat “is contrary to institutional policy” and tends “to disturb the security of the institution.” Thus, some of the elements of disorderly conduct are also elements of threats, and disorderly conduct can therefore be a lesser included violation of threats.
The disciplinary report reflects the following findings of fact by the hearing officer:
“On 9/22/94 at approximately 8:00 a.m. in laundry area of Easterling, inmate Phillip Woodley [the appellant] ... did threaten Laundry Manager, Johnnie Matthews [the arresting officer], by stating, ‘If you don’t give me some more boots, I’m going to get your job. I know how to get your job.’ Such action as described in this case is not permitted at Easterling. Therefore, the inmate’s action does constitute a violation of Rule # 44, Threats.”
(C. 10.) The hearing officer stated the following basis for his findings of fact:
“Based on the testimony of the arresting officer, Johnnie Matthews, who stated under oath that on 9/22/94 at approximately 8:00 a.m., inmate Phillip Woodley ... stated to her ... ‘If you don’t give me some boots, I’m going to get your job. I know how to get your job.’ ”
(C. 10.) The testimony of the arresting officer at the hearing was as follows:
‘Woodley came to the laundry and asked me to give him a pair of boots. I looked at his boots and decided he didn’t need a new pair. I told him if he wanted a new pair to fill out a request slip and turn it into me. He then said, ‘If you don’t give me some more boots, I’m going to get your job. I know how to get your job.’ ”
(C. 10.)
The commissioner determined that the evidence presented at the hearing did not support the charge of threats but that it did establish that the appellant was guilty of disorderly conduct. Under the facts of this case, we conclude that the charge of disorderly conduct is a lesser included violation of the original charge of making threats, and we hold that the appellant was not punished without first receiving prior notice of the charge against him, that he was not punished without an opportunity to prepare a defense against the charge, and that he was not punished without a hearing on the charge. See Wolff, supra, 418 U.S. 539, 94 S.Ct. 2963. The written notice of the original charge that was received by the appellant put him 'on notice that he was also charged with all lesser included violations, including disorderly conduct. Further, the appellant was not hampered in preparing a defense to the charge of disorderly conduct, because the circumstances and events underlying that charge and the original charge were the same. The hearing on the original charge afforded the appellant a full opportunity to defend against the charge of disorderly conduct.
Because the appellant’s due process rights were not violated, his rights were not violated when the commissioner ordered that he be sanctioned with the loss of two months’ good time credit on the charge of disorderly conduct. Because the pleadings in this case were sufficient to show that there was no merit to the appellant’s petition for a writ of habeas corpus, there was no requirement that an evidentiary hearing be held in the circuit court.
The circuit court’s judgment dismissing the appellant’s petition for a writ of habeas corpus is due to be affirmed.
AFFIRMED.
All Judges concur.

. Although the appellant claims that the commissioner’s action is "void,” he does not argue that the original charge and sanctions against him should be restored. Presumably, he contends that the finding of the commissioner that the facts presented at the hearing did not satisfy all the elements of a violation of Rule No. 44, "Threats," operated as a final determination that he was not guilty of that charge.